_____

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **TERESA F. BOSWELL**, | : | Civil No. 1:08-cv-00114 |
| Plaintiff, | : | |
| | | **RULING & ORDER** |
| vs. | : | |
| | | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of Social Security,** | | |
| Defendant. | | |

_____

A hearing before this court on plaintiff Teresa F. Boswell's appeal[1] from the Social Security Commissioner's decision denying her claims for disability insurance benefits and social security income was scheduled before this Court on September 10, 2009, at 2:00 p.m.[2]  On the day of the scheduled hearing, attorney Thomas Inman appeared on behalf of the Commissioner, however, Ms. Boswell's attorney, Jay Barnes, failed to appear.  After conferencing with Mr. Barnes by telephone, both parties agreed to submit the matter on their respective briefs.[3]

Now, having thoroughly considered the matter, the Court rules as stated herein

---

[1] 42 U.S.C. § 405(g).

[2] Docket No. 23.

[3] Docket No. 24.

and remands the case back to the Administrative Law Judge for a decision consistent with this ruling and the directives of the Appeals Council.

I. History

The procedural history is complex, but warrants review given the somewhat unusual posture of the case.

In October 2004, Ms. Boswell applied for disability insurance benefits[4] and supplemental security income on November 22, 2004.[5] These claims were initially denied on January 28, 2005,[6] and again upon reconsideration on April 20, 2005.[7] Thereafter, Ms. Boswell requested a hearing which was held on August 11, 2005, in Salt Lake City, Utah, before Administrative Law Judge Rand G. Farrer.[8] On September 20, 2005, Judge Farrer issued a decision finding Ms. Boswell was not disabled.[9]

Upon request, the Appeals Council approved Ms. Boswell's application for review of Judge Farrer's decision, and on April 5, 2006, the Council vacated the September 2005 hearing decision and remanded[10] the case with specific instructions as to what

---

[4] Transcript, 74.

[5] "Application For Supplemental Security Income". Transcript, 389-93

[6] Transcript, 58-59.

[7] Transcript, 63-65.

[8] Transcript, 493-528.

[9] Social Security Administration Decision, September 20, 2005. Transcript, 394-405.

[10] Transcript, 417.

additional evidence the Administrative Law Judge should obtain.[11]

A new hearing was held on October 2, 2006, in Salt Lake City, Utah, again before Judge Farrer.[12] On November 15, 2006, Judge Farrer issued another unfavorable decision finding that Ms. Boswell was not disabled.[13] On April 4, 2007, the Appeals Council denied Ms. Boswell's request for review of the November 2006 hearing.[14]

After the Appeals Council's denial, Ms. Boswell commenced a federal action in the United States District Court for the District of Utah.[15] On November 6, 2007, federal district court Judge Ted Stewart remanded the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[16] In light of the district court's order and judgment, the Appeals Council vacated[17] the November 2006 hearing decision and again remanded the case with specific instructions as to

---

[11] Appeals Council's Order, April 5, 2006. Transcript, 419-420. Specifically, the Council requested that the ALJ: obtain additional evidence regarding Ms. Boswell's musculoskeletal conditions, conduct an evaluation of obesity under the criteria of Social Security Ruling 02-1p, if necessary, obtain evidence from a medical expert to clarify the nature and severity of Ms. Boswell's musculoskeletal condition and determine whether it met or medically equaled a listing, reconsider functional capacity, evaluate the treating and examining source opinions and, if warranted, obtain supplemental evidence from a vocational expert to clarify limitations on claimant's occupational base.

[12] Transcript, 529-571.

[13] Social Security Administration Decision, November 15, 2006. Transcript, 22-34.

[14] Transcript, 7-10.

[15] 1:07-cv-00072.

[16] Transcript, 614-616.

[17] Appeals Council's Order, December 20, 2007. Transcript, 611-613.

---

what additional evidence regarding Ms. Boswell's condition that the Administrative Law Judge needed to obtain.[18]

Following the remand, a *de novo* hearing was held on April 9, 2008, before Administrative Law Judge Robin L. Henrie.[19] On June 20, 2008, Judge Henrie issued an unfavorable decision on Ms. Boswell's 2006[20] and 2004 claims.[21] Thereafter, Ms. Boswell did not file any exceptions with the Appeals Council and consequently the June 2008 decision became the Commissioner's "final decision" pursuant to 42 U.S.C. § 405(g).[22]

This matter is now before this court on review of the Commissioner's final decision.

II. Analysis

The Appeals Council's Order dated December 20, 2007, remanded the claim to the Administrative Law Judge in order to specifically consider Ms. Boswell's mental impairments and related treatment by Thomas Barman, M.D. and Zaneta Bjlaj, M.D. and her "abnormal" neurological examination conducted by Jozef A. Ottowicz, M.D.[23]

---

[18] Id.

[19] Transcript, 830-886.

[20] Prior to issuance of Judge Henrie's decision, plaintiff filed a second application for disability insurance benefits and supplemental security income. Because the "new" claims (the "2006 claims") involved identical issues and the same alleged onset date as the previously filed claims (the "2004 claims") they were consolidated for one decision.

[21] Transcript, 572-590.

[22] 20 C.F.R. § § 404.981 and 416.1481 (2008).

[23] Appeals Council's Order, December 20, 2007. Transcript, 611.

The Order further states that "upon remand the Administrative Law Judge *will*"[24]:

1. "Obtain additional evidence concerning the claimant's musculoskeletal, mental and neurological conditions in order to complete the administrative record in accordance with regulatory standards". The additional evidence "may include, if warranted and available, consultative orthopedic and/or mental status examinations with psychological testing and medical source statements about what the claimant can still do despite the impairments."[25]

2. If necessary "obtain evidence from medical experts to clarify the nature and severity of the claimant's mental and neurological impairments and whether the requirements of Listing 1.04 or any other musculoskeletal listing are met or equaled".[26]

3. "Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 C.F.R. 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. 404.1520a(c) and 416.920a(c)."[27]

4. "Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of

---

[24] Appeals Council's Order, December 20, 2007. Transcript, 612 (Emphasis Added).

[25] Appeals Council's Order, December 20, 2007. Transcript, 612.

[26] Id.

[27] Id.

record in support of the assessed limitations."[28]

5. And finally, "[i]f warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base."[29]

This court has reviewed the Social Security Administration's June 20, 2008, decision[30] along with the Appeals Council's Order,[31] and finds that the Administrative Law Judge's final decision failed to adequately comport with the Council's directives. Consequently, this Court now reverses and remands.

The Council's first and second directive ordered the Administrative Law Judge to obtain additional evidence concerning Ms. Boswell's musculoskeletal, mental and neurological conditions in accordance with the regulatory standards set forth at 20 C.F.R. 404.1512-1513 and 416.912-913.[32] Upon review of the decision, this court finds that, in contravention of the Council's Order, the Administrative Law Judge failed to obtain any additional evidence on petitioner's conditions. Despite the clear intent of the Council, there has been no further development or clarification as to the nature and severity of Ms. Boswell's impairments. Instead, the Administrative Law Judge relied upon the records and testimonies from previous hearings, and failed to explain why he

---

[28]Id.

[29]Id.

[30]Social Security Administration Decision, June 20, 2008. Transcript, 575-590.

[31]Appeals Council's Order, December 20, 2007. Transcript, 611-613.

[32]Appeals Council Order, Transcript, 612.

deemed it unnecessary to obtain consultative orthopedic and mental status examinations or any additional evidence from relevant medical experts.

The Council's third directive was to evaluate Ms. Boswell's mental impairments in accordance with the technique set forth at 20 C.F.R. 1520a and 416.920a. Under those provisions the Administrative Law Judge is required to engage in a "complex and highly individualized process" through which a claimant's functional limitations are rated in the context of the claimant's "daily living, social functioning and concentration, persistence, or pace; and episodes of decompensation."[33] Those limitations are rated on a five point scale[34] with episodes of decompensation rated as to the number of episodes.[35] Despite a specific order from the Appeals Council to conduct such an evaluation, the Administrative Judge failed to use or even reference the technique in the discussion and evaluation of Ms. Boswell's mental impairments.[36]

The fourth directive required the Administrative Law Judge to further consider Ms. Boswell's maximum residual functional capacity and to provide "appropriate rationale" with "specific references" to evidence in the record supporting the assessed limitations.[37] While the decision did re-address Ms. Boswell's maximum residual

---

[33] 20 C.F.R. § 404.1520a(c)(3).

[34] The scale includes ratings of: none, mild, moderate, marked and extreme. 20 C.F.R. § 404.1520a(c)(3).

[35] The number of episodes range from none, one, two, three, four or more. 20 C.F.R. § 404.1520a(c)(4).

[36] Social Security Administration Decision, June 20, 2008. Transcript 575-590.

[37] Appeals Council's Order, Transcript, 612.

functional capacity, the Administrative Law Judge's failure to obtain additional evidence concerning claimant's musculoskeletal, mental and neurological conditions along with a failure to properly evaluate mental impairments, renders the maximum residual functional capacity analysis incomplete.

The final Council directive requested that, "if warranted by the expanded record" the Administrative Law Judge obtain supplemental evidence from a vocational expert clarifying the effect of the limitations on claimant's occupational base.[38]  Again, however, the failure to flesh out the record by investigating and obtaining additional evidence on Ms. Boswell's mental and physical conditions ultimately renders any supplemental evidence from a vocational expert incomplete.[39]

III.  Conclusion

In conclusion, for the above stated reasons, the Court finds that the Administrative Law Judge's June 20, 2009, decision failed to follow the remand instructions of the Appeals Council.  Given the continued failure to comply with the Appeals Council's instructions, Ms. Boswell requests that this Court enter an order for immediate payment of benefits.[40]  While the Court sympathizes with the protracted nature of this litigation, the Court finds that before it can issue a ruling as to whether there is in fact substantial evidence in the record to support the factual findings, the directives of the Appeals Council must first be met so that all relevant evidence is

---

[38] Appeals Council's Order, Transcript, 612.

[39] Social Security Decision, June 20, 2008. Transcript 589-590.

[40] Plaintiff's Reply Brief In Support Of Petition For Review, pg. 14; Docket No. 21.

before the Court.

    Accordingly, the matter is remanded to the Administrative Law Judge for a decision consistent with this ruling and the directives of the Appeals Council.

    DATED this  23  day of September, 2009.

    BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge